# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, et al.,

    Plaintiffs-Appellees,

    v.

UNITED STATES OFFICE OF PERSONNEL MANAGEMENT, et al.,

    Defendants-Appellants.

No. 25-5875

## UNOPPOSED MOTION TO STAY THE BRIEFING SCHEDULE

For the reasons set forth below, the government respectfully requests a stay of the briefing schedule in this case due to the lapse in federal appropriations.

**1.** Pursuant to the Court's September 29, 2025, briefing schedule, the government's opening brief is currently due October 17, 2025; the plaintiffs' response brief is due November 7, 2025; and the government's reply brief is due 10 days after service of the response brief.

**2.** At the end of the day on September 30, 2025, the appropriations act that had been funding the Department of Justice expired, and appropriations to the Department lapsed. The same is true for several other Executive Branch agencies, including federal defendants-appellants in this case. The Department does not know when Congress will restore funding.

3. Absent an appropriation, Department of Justice attorneys and employees of federal defendants-appellants are prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342.

4. Counsel for the Department of Justice therefore requests a stay of the briefing schedule until Congress has restored appropriations to the Department.

5. The government respectfully requests that, when appropriations are restored, all current deadlines for the parties be extended for the number of days commensurate with the duration of the lapse in appropriations, plus an additional 14 days. Thus, for example, if the lapse lasts 14 days, that deadline would be extended by 14 + 14 = 28 days. The government will need this additional time following the end of the lapse to restart regular government operations.

6. In addition, granting an extension calculated in the manner proposed above will avoid having all filings that would otherwise have been due during the period of a lapse of appropriations from having the same due date following the restoration of appropriations, which would not be practicable for the government or the Court.

7. Plaintiffs' counsel has authorized counsel for the government to state that they have no objection to this motion.

Therefore, although we greatly regret any disruption caused to the Court and the other litigants, the government hereby moves for a stay of the briefing schedule in

this case, as described above, until Department of Justice attorneys are permitted to resume their usual civil litigation functions.

## CONCLUSION

For the foregoing reasons, the Court should extend the briefing schedule in this appeal for the number of days commensurate with the duration of the lapse in appropriations, plus an additional 14 days.

                                               Respectfully submitted,

                                               COURTNEY L. DIXON

                                               *s/ Casen B. Ross*
                                               CASEN B. ROSS
                                               JOSHUA M. KOPPEL
                                                  *Attorneys, Appellate Staff*
                                                  *Civil Division, Room 7270*
                                                  *U.S. Department of Justice*
                                                  *950 Pennsylvania Avenue NW*
                                                  *Washington, DC 20530*
                                                  *(202) 514-1923*
                                                  *casen.ross@usdoj.gov*

October 2025

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), I hereby certify that this motion complies with Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared using in 14-point Garamond, a proportionally spaced typeface, and that it complies with the type-volume limitation of Circuit Rule 27-1(1)(d) and 32-3(2) because it contains 429 words, according to Microsoft Word.

*s/ Casen B. Ross*
Casen B. Ross